The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELA LEWIS, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND, )<br><br>Defendants. ) | Case No. 3:21-cv-05190-BHS<br><br>**DR. SMILA KODALI'S MOTION TO CONSOLIDATE ACTIONS, APPOINT LEAD PLAINTIFF, AND APPROVE HER SELECTION OF LEAD AND LIAISON COUNSEL**<br><br>NOTE ON MOTION CALENDAR: June 4, 2021 |
| JAMEY CHRIS GOODWIN, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>CYTODYN, INC., NADER Z. POURHASSAN, and MICHAEL MULHOLLAND, )<br><br>Defendants. ) | Case No. 3:21-cv-05260-MLP |

SMILA KODALI'S MOT. TO CONSOLIDATE,
APPOINT LEAD PLAINTIFF,
AND APPROVE COUNSEL
CASE NO. 3:21-cv-5190-BHS

BRESKIN JOHNSON & TOWNSEND, PLLC
1000 SECOND AVENUE, SUITE 3670
SEATTLE, WA 98104
T: (206) 652-8290

## I.    PRELIMINARY STATEMENT

Dr. Smila Kodali, M.D., hereby respectfully moves this Court for an order: (i) consolidating the above-captioned securities class actions; (ii) appointing her as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (iii) approving her selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel and Breskin Johnson & Townsend, PLLC as Liaison Counsel for the putative class. This motion is based on the motion, the attached declaration and exhibits, the pleadings on file in this action, oral argument, and such other matters as the Court may consider in hearing this motion.

The two above-captioned actions pending in this District involve common questions of law and fact, warranting consolidation pursuant to FED. R. CIV. P. 42 ("RULE 42"). *See* § IV.A, *infra*. Further, as described in the Certification and Loss Chart attached to the Declaration of Roger M. Townsend in Support of Dr. Kodali's Motion to Consolidate Actions, Appoint Her as Lead Plaintiff, and Approve Her Selection of Lead and Liaison Counsel ("Townsend Decl.") (Exhibits A & B), Dr. Kodali suffered losses of $259,929 from her purchases of CytoDyn, Inc. ("CytoDyn" or the "Company") securities between March 27, 2020 through March 9, 2021, inclusive ("Class Period"). To the best of her knowledge, her loss represents the largest financial interest of any investor seeking to be appointed lead plaintiff. Dr. Kodali also satisfies the applicable typicality and adequacy requirements of Rule 23. In addition, Dr. Kodali's Certification and Declaration demonstrates her awareness of the fiduciary duties associated with serving as a lead plaintiff. *See* Townsend Decl., Ex's. A & C.  Accordingly, she seeks an order: (i) consolidating the securities class actions pending against CytoDyn in this District; (ii) appointing her as Lead Plaintiff in the action pursuant to the PLSRA; and (iii) approving her selection of KSF as Lead Counsel, and Breskin Johnson & Townsend, PLLC as Liaison Counsel for the putative class.

## II.    PROCEDURAL POSTURE

The first securities lawsuit against Defendants CytoDyn, its Chief Executive Officer, Nader Pourhassen, and Chief Financial Officer, Michael Mulholland (collectively, "Defendants"), captioned

SMILA KODALI'S MOT. TO CONSOLIDATE,
APPOINT LEAD PLAINTIFF,
AND APPROVE COUNSEL
CASE NO. 3:21-cv-5190-BHS

1

BRESKIN JOHNSON & TOWNSEND, PLLC
1000 SECOND AVENUE, SUITE 3670
SEATTLE, WA 98104
T: (206) 652-8290

*Angela Lewis v. CytoDyn, Inc., et al.*, No. 3:21-cv-05190 (W.D. Wash.) was filed in this District on March 17, 2021 ("*Lewis* Action"). Subsequently, a second case, captioned *Jamey Chris Goodwin v. CytoDyn, Inc., et al.*, No. 3:21-cv-05260 (W.D. Wash.) ("*Goodwin* Action") was filed on April 9, 2021.

The *Lewis* and *Goodwin* Actions (hereinafter, the "Related Actions") each allege violations of §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder. Both Actions bring claims on behalf of those who "purchased or otherwise acquired CytoDyn common stock," allege the same putative Class Period (March 27, 2020 through March 9, 2021, inclusive), and name identical Defendants. *See Lewis* Compl., ¶¶ 1, 64, 82; *Goodwin Compl.*, ¶¶ 1, 64, 82. Notice of the *Lewis* Complaint was first published on March 18, 2021 on *Globe Newswire*,[1] informing investors who wished to serve as lead plaintiff that they must so move the Court by May 17, 2021. *See* Townsend Decl., Ex. D.

## III.    STATEMENT OF FACTS

CytoDyn is a biotechnology company headquartered in Vancouver, Washington. *Lewis* Compl., ¶ 2; *Goodwin* Compl., ¶ 2. Its lead product is Leronlimab, a CCR5 cell surface receptor antagonist which the Company has been developing as an HIV therapy. *Lewis* Compl., ¶¶ 2, 20; *Goodwin* Compl., ¶¶ 2, 20. After the outbreak of the COVID-19 pandemic in the winter of 2020, CytoDyn began promoting Leronlimab as a possible treatment for patients experiencing coronavirus induced respiratory symptoms. *Lewis* Compl., ¶¶ 3, 20; *Goodwin* Compl., ¶¶ 3, 20.

On March 27, 2020, the first day of the Class Period, CytoDyn issued two press releases discussing Leronlimab testing in coronavirus patients. *Lewis* Compl., ¶ 20; *Goodwin* Compl., ¶ 20. One of these, titled, "Leronlimab Used in Seven Patients with Severe COVID-19 Demonstrated

---

[1]    *Globe Newswire* is a widely circulated, national business-oriented wire service, which courts routinely find adequate to advise prospective class members of their right to seek appointment as lead plaintiff in a securities class action such as this one. *See* § IV.B.1, *infra; Mulquin v. Nektar Therapeutics*, 2019 U.S. Dist. LEXIS 40875, at *5 (N.D. Cal. 2019) ("*Globe Newswire* is 'a widely circulated, national, business-oriented news reporting service.'").

SMILA KODALI'S MOT. TO CONSOLIDATE,
APPOINT LEAD PLAINTIFF,
AND APPROVE COUNSEL
CASE NO. 3:21-cv-5190-BHS

2

BRESKIN JOHNSON & TOWNSEND, PLLC
1000 SECOND AVENUE, SUITE 3670
SEATTLE, WA 98104
T: (206) 652-8290

Promise with Two Intubated Patients in ICU, Removed from ICU and Extubated with Reduced Pulmonary Inflammation," revealed that the Company had received authorization to investigate Leronlimab as an Emergency Investigational New Drug and touted that for the patients treated with Leronlimab, "the immune profile in these patients approached normal levels and the levels of cytokines involved in the cytokine storm were much improved." *Lewis* Compl., ¶ 20; *Goodwin* Compl., ¶ 20.

A few days later, on March 31, 2020, CytoDyn issued a press release announcing that it had secured a convertible promissory note from its lender Illiad Research and Trading, L. P. ("Illiad") for $17.1 million, in exchange for $15.0 million in cash. *Lewis* Compl., ¶¶ 7, 21; *Goodwin* Compl., ¶¶ 7, 21. The note was secured by all of CytoDyn's assets apart from its intellectual property. *Lewis* Compl., ¶ 21; *Goodwin* Compl., ¶ 21. As part of the agreement, Illiad had the ability to convert the outstanding balance of the note to CytoDyn common stock at a price of $4.50 per share. *Lewis* Compl., ¶ 21; *Goodwin* Compl., ¶ 21. On April 30, 2020, CytoDyn filed a Form S-3, which registered over 46.3 million shares of stock by certain Company insiders and close affiliates, including Iliad (which registered 6.3 million shares of common stock for sale). *Lewis* Compl., ¶¶ 24-25; *Goodwin* Compl., ¶¶ 24-25. Also on April 30, 2020, Defendant Pourhassen exercised options to purchase millions of CytoDyn stock at less than $1.00 share, and then quickly resold most of them over the next few days, selling 4.8 million shares for more than $15.7 million in proceeds. *Lewis* Compl., ¶ 28; *Goodwin* Compl., ¶ 28.

On August 17, 2020, CytoDyn issued a press release announcing that it had requested emergency use approval for Leronlimab from the United States Food and Drug Administration ("FDA") as well as from regulators in the United Kingdom, the European Union, and the Philippines. *Lewis* Compl., ¶ 33; *Goodwin* Compl., ¶ 33. Then, on August 20, 2020, Bruce Patterson (chief of CytoDyn's diagnostic partner, IncellDx and a frequent commentator in its paid promotional materials) stated that he thought that CytoDyn would be accepted as a participant in Operation Warp Speed, the FDA's program to fast-track coronavirus treatments, causing the stock to increase 13% by the end of

SMILA KODALI'S MOT. TO CONSOLIDATE,
APPOINT LEAD PLAINTIFF,
AND APPROVE COUNSEL
CASE NO. 3:21-cv-5190-BHS

3

BRESKIN JOHNSON & TOWNSEND, PLLC
1000 SECOND AVENUE, SUITE 3670
SEATTLE, WA 98104
T: (206) 652-8290

the next trading day. *Lewis* Compl., ¶ 35; *Goodwin* Compl., ¶ 35.

While the Company continued to aggressively promote its drug, the truth slowly began to emerge. First, on August 26, 2020, the *Wall Street Journal* published an article stating that CytoDyn was **not** being considered for Operation Warp Speed; in truth the company had only completed a "preliminary qualification" for inclusion, causing the stock's value to fall 9%. *Lewis* Compl., ¶ 39; *Goodwin* Compl., ¶ 39. Then, on September 3, 2020, the SEC announced that it had filed suit against CytoDyn's lender, Iliad, for operating as an unregistered securities dealer through its purchases of convertible promissory notes. *Lewis* Compl., ¶ 42; *Goodwin* Compl., ¶ 42. Next, in a call conducted on September 16, 2020, Defendant Pourhassen admitted that CytoDyn had **not** actually filed for an Emergency Use Authorization from the FDA. *Lewis* Compl., ¶ 44; *Goodwin* Compl., ¶ 44. Rather, he said that "[w]e asked them for their opinion and they were not positive about it." *Lewis* Compl., ¶ 44; *Goodwin* Compl., ¶ 44. This caused the Company's stock price to fall 15% by the close of the next trading day. *Lewis* Compl., ¶ 44; *Goodwin* Compl., ¶ 44.

After the close of trading on March 5, 2021, CytoDyn finally began releasing the data and results from its Phase IIb and Phase III trials. First, the Company issued a press release titled, "CytoDyn's Phase 3 Trial Demonstrates Safety, a 24% Reduction in Mortality and Faster Hospital Discharge for Mechanically Ventilated Critically Ill COVID-19 Patients Treated with Leronlimab." *Lewis* Compl., ¶ 49; *Goodwin* Compl., ¶ 49. Then on March 6, 2021, the Company issued another press release titled, "CytoDyn to File Accelerated Rolling Review with MHRA and Interim Order (IO) with Health Canada for COVID-19," which disclosed that the company failed to achieve their primary endpoint of lowering all-cause mortality after 28 days. *Lewis* Compl., ¶ 49; *Goodwin* Compl., ¶ 49. By March 8, 2021, analysts had started attacking the Company for "massaging the data" and trying to "squeeze" good news out of a failed study. *Lewis* Compl., ¶ 50; *Goodwin* Compl., ¶ 50. By the close of trading on March 8, 2021, the company's stock price had plummeted to $2.91, a decline of 28%, from its closing price on $4.05 on March 5, 2021. *Lewis* Compl., ¶ 51; *Goodwin* Compl., ¶ 51. The share price continued its downward spiral on March 9, 2021, closing at $2.35 (a decline of 19% from

SMILA KODALI'S MOT. TO CONSOLIDATE,                    4
APPOINT LEAD PLAINTIFF,
AND APPROVE COUNSEL
CASE NO. 3:21-cv-5190-BHS

the day before), as the market continued to digest the news.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. *Deinnocentis v. Dropbox, Inc.*, 2020 U.S. Dist. LEXIS 8680, at *6-7 (N.D. Cal. 2020); *Ali v. Intel Corp.*, 2018 U.S. Dist. LEXIS 89401, at *3-4 (N.D. Cal. 2018). Courts recognize that securities class actions are ideally suited to consolidation pursuant to Rule 42(a). *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018). Accordingly, Dr. Kodali respectfully suggests that these Actions are ideally suited for consolidation.

As set forth in § II, *supra*, the Related Actions bring claims on behalf of CytoDyn investors for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Class definitions, putative class periods, and named Defendants are identical in two of the Actions (*see*, *e.g.*, *Lewis* Compl., ¶¶ 1, 64, 82; *see also Goodwin* Compl., ¶¶ 1, 64, 82). Both Actions make substantially similar allegations that Defendants made false and misleading statements concerning the Company's business operations during the Class Period. *Compare Lewis* Compl., ¶¶ 20-51; *Goodwin* Compl., ¶¶ 20-51. Accordingly, the Related Actions should be consolidated. *See Shotwell v. Zillow Grp.,* 2018 U.S. Dist. LEXIS 2495, at *4 (W.D. Wash. 2018).

### B.    Dr. Kodali Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure to appoint a lead plaintiff in a securities fraud class action. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i). First, the plaintiff who files the initial action must publish a notice within 20 days of filing the action advising the class of their right to file a motion for appointment as lead plaintiff. *Id.* § 78u-4(a)(3)(A)(i). Here, notice of the first-filed lawsuit in this matter was published on March 18, 2021 *via Globe Newswire*. *See* Townsend Decl., Ex. D.

Next, within 60 days of publication, members of the proposed class are entitled to seek appointment as lead plaintiff. *Id.* § 78u-4(a)(3)(A)-(B). The Court then appoints as lead plaintiff the member of the class that is determined to be "most capable" of adequately representing the interest of

SMILA KODALI'S MOT. TO CONSOLIDATE,
APPOINT LEAD PLAINTIFF,
AND APPROVE COUNSEL
CASE NO. 3:21-cv-5190-BHS

5

BRESKIN JOHNSON & TOWNSEND, PLLC
1000 SECOND AVENUE, SUITE 3670
SEATTLE, WA 98104
T: (206) 652-8290

class members. *Id.* § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii). Once the presumption attaches, it can only be overcome upon a showing of proof that the presumptive lead plaintiff will not fairly and adequately represent the class or is subject to unique defenses that will render the presumptive lead plaintiff incapable of doing so. *See id.* § 78u-4(a)(3)(B)(iii)(II).

### 1.    Dr. Kodali's Motion is Timely

The first-filed plaintiff published notice pursuant to the PSLRA on March 18, 2021 over *Globe Newswire*. *See* Townsend Decl., Ex. D. *Globe Newswire* is a widely circulated national business-oriented wire service which is routinely found to satisfy the PSLRA's statutory notice requirements in this District. *See Nektar Therapeutics*, 2019 U.S. Dist. LEXIS 40875, at \*5 (publication in *Globe Newswire* "clearly complied with the PSLRA's 20-day filing deadline."); *see also Alwazzan v. STAAR Surgical Co.*, 2020 U.S. Dist. LEXIS 246539, at \*12 (C.D. Cal. 2020) (same). Dr. Kodali's motion has been filed within 60 days of the first notice and is therefore timely.

### 2.    Dr. Kodali Possesses the Largest Financial Interest in the Relief Sought by the Class

To the best of her knowledge, Dr. Kodali has the largest financial interest in the relief sought by the putative class—a loss exceeding $259,929 in connection with her purchase of CytoDyn securities during the Class Period. *See* Townsend Decl., Ex. B; *In re Cavanaugh*, 306 F.3d 726, 730-732 (9th Cir. 2002).

### 3.      Dr. Kodali Meets the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of lead plaintiffs, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interest of the class. *See* Fed. R. Civ. P. 23. As detailed below, Dr. Kodali satisfies the typicality and adequacy requirements of Rule 23(a).

The typicality requirement of Rule 23(a)(3) is satisfied when a representative "plaintiff's claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Monachelli v. Hortonworks, Inc.*, 2016 U.S. Dist. LEXIS 71575, at *6 (N.D. Cal. 2016). Dr. Kodali's claims are typical to those of other putative class members. *See Zillow*, 2018 U.S. Dist. LEXIS 2495, at *8 ("The similarity of the allegations made by class members demonstrates that Movants' claims are typical of the class claims."). Like other putative class members, Dr. Kodali: (i) purchased or otherwise acquired CytoDyn securities during the Class Period; (ii) did so in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (iii) suffered damages from purchasing artificially inflated securities and then suffered harm when the truth was revealed. *See* Townsend Decl., Ex's. A, B, & C.

A representative party must "fairly and adequately protect the interests of the class." Rule 23(a)(4); *see Ziolkowski v. Netflix, Inc.*, 2017 U.S. Dist. LEXIS 91848, at *9-10 (N.D. Cal. 2017). Dr. Kodali's interests are clearly aligned with the members of the class and there is no antagonism between her interests and those of other class members. Dr. Kodali, a resident of Kentucky who works as a psychiatrist in Queens, New York, has amply demonstrated her adequacy as a class representative by signing a sworn certification and declaration affirming her willingness to serve as, and assume the fiduciary responsibilities of, serving as lead plaintiff. Townsend Decl., Ex. A (certification); Ex. C (Dr. Kodali's Declaration at ¶¶ 3-8). In addition, Dr. Kodali has selected counsel highly experienced in prosecuting securities class actions as proposed lead counsel. Townsend Decl., Ex. F.

Smila Kodali's Mot. to Consolidate,
Appoint Lead Plaintiff,
and Approve Counsel
Case No. 3:21-cv-5190-BHS

7

Breskin Johnson & Townsend, PLLC
1000 Second Avenue, Suite 3670
Seattle, WA 98104
T: (206) 652-8290

**C.      The Court Should Approve Dr. Kodali's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732; *In re Cohen.*, 586 F.3d 703, 709-10 (9th Cir. 2009). Here, Dr. Kodali has selected KSF as Lead Counsel for the class following her own independent assessment of the firm's qualifications. *See* Townsend Decl., Ex. C at ¶¶ 5-6. KSF is a national law firm with presences in Louisiana, California, and New York, and courts have repeatedly found KSF well-qualified to serve as Lead Counsel in securities class actions such as this. *See* Townsend Decl., Ex. F; *In re Health Ins. Innovations Secs. Litig.*, 2020 U.S. Dist. LEXIS 231055, at *13 (M.D. Fla. 2020) ("KSF is highly experienced in prosecuting securities class actions."); *Bangzheng Chen v. CytRx Corp.*, 2014 U.S. Dist. LEXIS 194696, at *9 (C.D. Cal. 2014) ("Based on the firm's résumé and experience with class action securities litigation, the Court is satisfied that Kahn, Swick & Foti, LLC is qualified to serve as lead counsel in this case."); *see also Dougherty v. Esperion Therapeutics*, 2020 U.S. Dist. LEXIS 216515, at *22-23 (E.D. Mich. 2020) (approving KSF as co-lead and co-class counsel); *Kasper v. AAC Holdings, Inc.*, 2017 U.S. Dist. LEXIS 109608, at *42-43 (M.D. Tenn. 2017) (same); *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2020 U.S. Dist. LEXIS 49786, at *29 (S.D.N.Y. 2020) (approving KSF as lead counsel).

KSF also prevailed on behalf of the court-appointed lead plaintiff in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019), which significantly altered the federal securities pleading requirements and civil pleading practice generally in this Circuit. *See* Townsend Decl., Ex. F. KSF also served as counsel to the lead plaintiff in the *Halliburton* securities litigation matter, where lead plaintiff twice prevailed before the United States Supreme Court and ultimately obtained a $100 million recovery for the class. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 134 S. Ct. 2398 (2014); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 131 S. Ct. 2179 (2011). Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber legal representation available from KSF. *See* Townsend Decl., Ex. F.

This Court should also approve her selection of Breskin Johnson & Townsend, PLLC as Liaison Counsel given the firm's expertise in the area of class actions and securities matters. *See* Townsend Decl., Ex. E.

**V.    CONCLUSION**

For the foregoing reasons, Dr. Kodali respectfully request that the Court: (i) consolidate the Actions; (ii) appoint her as Lead Plaintiff; and (iii) approve her selection of KSF as Lead Counsel and Breskin Johnson & Townsend, PLLC as Liaison Counsel for the putative Class.

Dated: May 17, 2021                    Respectfully submitted,

                                       **BRESKIN JOHNSON & TOWNSEND, PLLC**

                                       By:  *s/ Roger M. Townsend*
                                           Roger M. Townsend
                                           1000 Second Avenue, Suite 3670
                                           Seattle, Washington 98104
                                           Telephone: (206) 652-8660
                                           Facsimile: (206) 652-8290
                                           rtownsend@bjtlegal.com

                                       *Proposed Liaison Counsel for Movant,*
                                       *Dr. Smila Kodali*

                                           -and-

                                       Ramzi Abadou (to be admitted *pro hac vice*)
                                       KAHN SWICK & FOTI, LLP
                                       912 Cole Street, # 251
                                       San Francisco, California 94117
                                       Telephone: (415) 459-6900
                                       Facsimile: (504) 455-1498
                                       ramzi.abadou@ksfcounsel.com

                                           -and-

                                       Lewis S. Kahn (to be admitted *pro hac vice*)
                                       Alexander L. Burns (to be admitted *pro hac vice*)
                                       Alayne K. Gobeille (to be admitted *pro hac vice*)
                                       Morgan M. Embleton (to be admitted *pro hac vice*)
                                       KAHN SWICK & FOTI, LLC
                                       1100 Poydras Street, Suite 3200

New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

*Proposed Lead Counsel and Counsel*
*for Movant, Dr. Smila Kodali*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

_s/ Roger M. Townsend_
ROGER M. TOWNSEND

SMILA KODALI'S MOT. TO CONSOLIDATE,
APPOINT LEAD PLAINTIFF,
AND APPROVE COUNSEL
CASE NO. 3:21-cv-5190-BHS

10

BRESKIN JOHNSON & TOWNSEND, PLLC
1000 SECOND AVENUE, SUITE 3670
SEATTLE, WA 98104
T: (206) 652-8290

# Mailing Information for a Case:

# 3:21-cv-05190-BHS Lewis v. CytoDyn Inc et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew James Ide**
  mjide@yahoo.com
- **John T Jasnoch**
  jjasnoch@scott-scott.com,scott-scott@ecf.courtdrive.com,efile@scott-scott.com
- **Kaleigh N.B. Powell**
  kpowell@tousley.com,jmrozek@tousley.com,efile@tousley.com
- **Kim D Stephens**
  kstephens@tousley.com,efile@tousley.com,mwa@tousley.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).

```
Charles Huang
,
```